CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 30 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ARGENTINE R. HAIRSTON, | ) | Civil Action No. 7:09-cv-00152 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN RC MATHENE, | ) | By: Hon. Jackson L. Kiser |
|    Respondent. | ) | Senior United States District Judge |

Argentine R. Hairston, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that the evidence was insufficient to sustain his conviction and he received ineffective assistance of counsel. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss and dismiss the petition.

I.

On April 18, 2006, the Circuit Court of Henry County sentenced petitioner to sixty years in prison with forty years suspended, following his convictions for statutory burglary, robbery, and malicious wounding. Petitioner appealed to the Court of Appeals of Virginia, arguing that the evidence was insufficient to sustain his convictions. The Court of Appeals of Virginia affirmed his conviction, holding that the evidence was sufficient and petitioner procedurally defaulted several insufficient evidence claims by not presenting them to the trial court. Hairston v. Commonwealth, No. 1018-06-3, slip op. at 1-3 (Va. Ct. App. Nov. 20, 2006) (per curiam). Petitioner appealed to the Supreme Court of Virginia, which refused the petition for appeal.

Petitioner subsequently filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petitioner argued that the evidence was insufficient to sustain his conviction

and his trial counsel was ineffective for failing to investigate potential defense witnesses and accomplices; request a competency hearing; and object to the admissibility of petitioner's juvenile record during sentencing. The Supreme Court of Virginia dismissed petitioner's habeas petition after considering his ineffective assistance claims and finding his sufficiency of the evidence claims procedurally barred. Hairston v. Dir. Dep't. of Corr., No. 071961, slip op. at 3 (Va. June 4, 2008).

On April 7, 2009, petitioner timely filed his federal petition for a writ of habeas corpus. Petitioner claims that the evidence was insufficient to sustain his conviction and his counsel provided ineffective assistance for failing to investigate potential defense witnesses and accomplices; request a competency hearing; and object to the admissibility of petitioner's juvenile record during sentencing. (Pet. 5-18.)

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief for a claim adjudicated by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28

U.S.C. § 2254(e)(1). An "adjudication on the merits" for § 2254(d) includes a claim that was decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

A.    Petitioner procedurally defaulted several insufficient evidence claims.

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, [then] the habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). See Gray v. Netherland, 518 U.S. 152, 161 (1996); Teague v. Lane, 489 U.S. 288, 298-99 (1989). "A state rule is adequate if it is firmly established and regularly and consistently applied by the state court, and [it] is independent if it does not depend[] on a federal constitutional ruling." Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999). "[A]n unambiguous court rule . . . is necessarily 'firmly established.'" Id. at 270.

Without a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court may not review the merits of a defaulted claim. See Harris v. Reed, 489 U.S. 255, 262 (1989). Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). See Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (listing objective factors that may constitute cause). However, a petitioner's lack of due diligence defeats an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

3

The Court of Appeals of Virginia declined to review several of petitioner's claims on direct appeal, pursuant to Rule 5A:18 of the Rules of the Supreme Court of Virginia, because petitioner did not raise the claims during trial.[1] The Court of Appeals of Virginia held that petitioner defaulted his claims that the evidence did not establish: his intent to rob; his intent to maim; he took anything by force; he did not own the money; and the stolen items' descriptions were too vague. Rule 5A:18 is an adequate and independent state procedural rule. See White v. Johnson, No. 2:05cv365, 2006 U.S. Dist. LEXIS 60832, 2006 WL 2520113, at *4 (E.D. Va. Aug. 25, 2006) (citing Byrd v. Johnson, No. 2:05cv603, 2006 U.S. Dist. LEXIS 36703, 2006 WL 1472397, at *3 (E.D. Va. May 19, 2006)).

Petitioner fails to establish cause and prejudice to excuse his default beyond his conclusory allegation that his counsel was ineffective for not arguing these issues at trial. (Pet. 11) (parenthetical simply alleging that counsel's ineffectiveness caused the default). See, infra, II. C. (discussing the standard for ineffective assistance of counsel claims). Therefore, petitioner defaulted his claims that the evidence did not establish: his intent to rob; his intent to maim; he took anything by force; he did not own the money; and the stolen items' descriptions were too vague.[2] Accordingly, petitioner's cognizable federal habeas claims about the sufficiency of the evidence are limited to whether sufficient evidence existed to find beyond a reasonable doubt that petitioner broke into the home, did not have permission to enter, took something of value

---

[1] Rule 5A:18 states in pertinent part that "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling. . . ."

[2] Even petitioner had not defaulted these claims, any rational trier of fact could have found petitioner guilty of these elements. The trial record reflects that petitioner told the police that he believed the victim owed him money, struck the victim sufficiently enough to cause bloody injuries, admitted knocking the victim down and taking the wallet from the victim's pocket. Witnesses also testified as to the uniqueness of the victim's coins, coin purse, and pocket watch.

4

from the victim, and maliciously wounded the victim.

> B. The evidence at trial was sufficient for any rational trier of fact to find the petitioner guilty beyond a reasonable doubt.

The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). Petitioner argues that the evidence was insufficient to prove the elements of the crimes for which he was convicted: malicious wounding,[3] statutory burglary,[4] and robbery.[5] Specifically, petitioner claims that the evidence does not establish that: he broke into the home; he did not have permission to be in the home; took value from the victim; and he maliciously wounded the victim. A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (original emphasis).

Petitioner presented these claims to the Supreme Court of Virginia in his habeas petition, but the Supreme Court of Virginia held that the claims were barred because the issues were

---

[3] "If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony." Va. Code § 18.2-51 ("Shooting, stabbing, etc., with intent to maim, kill, etc").

[4] Virginia Code § 18.2-90 states, in pertinent part: "If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house . . . or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any building permanently affixed to realty, . . . with intent to commit . . . robbery . . ., he shall be deemed guilty of statutory burglary. . . ."

[5] "Robbery is defined at the common law as 'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Commonwealth v. Hudgins, 269 Va. 602, 606, 611 S.E.2d 362, 365 (2005) (quoting Johnson v. Commonwealth, 209 Va. 291, 293, 163 S.E. 2d 570, 572-73 (1968)).

5

raised and adjudicated during trial and on direct appeal to the Court of Appeals of Virginia. Hairston v. Dir. Dep't. of Corr., No. 071961, slip op. at 3 (Va. June 4, 2008) (citing Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003). Upon its review, the Court of Appeals held that the evidence was sufficient to convict petitioner of malicious wounding, robbery, and statutory burglary after viewing the evidence in the light most favorable to the Commonwealth. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state court are presumed to be correct and entitled to deference unless shown to be erroneous).

The Court of Appeals of Virginia held that the evidence supported a finding that petitioner broke into the home and did not have permission to enter because petitioner "admitted to [the] Investigator . . . that he entered the house without permission, and [petitioner's] testimony at trial effectively admitted he entered the house without permission. Additionally, the physical evidence, which included damage to a piece of plywood that fit over a window and damage to the outside of a door, was consistent with illegal entry." Hairston, No. 1018-06-3 at 1-2 (Va. Ct. App.).

The Court of Appeals found sufficient evidence that petitioner took items of value from the victim. Id. at 2. The Court of Appeals relied on evidence that the victim's sister testified that she saw the victim with $100 in his wallet the night before the robbery, but the money was gone the next day after the robbery. Id. at 2. The police retrieved the victim's gold coins from a person who purchased the coins from the petitioner the morning after the robbery. Id. Moreover,

the victim's gold pocket watch was recovered from the petitioner's home. Id.

The Court of Appeals found the evidence sufficient to show a malicious wounding occurred. The Court of Appeals relied on evidence that petitioner admitted to attacking the victim, although he claimed he was attacked first by the 89 year-old victim, police found the victim's blood on petitioner's pants, and the Commonwealth introduced as evidence photographs of the blood covered victim and the victim's home with blood spots. Id.

Upon reviewing the transcripts and relevant state court orders and opinions, I find that any rational trier of fact could have found petitioner guilty of the essential elements of the crimes beyond a reasonable doubt. (See Tr. Tran. 25-27, 30-36, 38-39, 42-44, 47, 51, 53-55, 59-63, 67-73, 81-112, 114-15, 120-28, 138-40, 143-46). The door and window to the home evidenced damage from the force required to enter, and petitioner admitted to the police that he entered the home without permission, the victim owed him money, he struck the victim, and took the victim's wallet from the victim's pocket. The DNA evidence linked the victim's bruised and bloody wounds, evidenced by the Commonwealth's graphic exhibits, with the blood found on petitioner's pants. The victim had $100 dollars in his wallet before the attack, but the money was gone after petitioner attacked him and took it from him in his presence. Furthermore, police found the victim's unique gold pocket watch in the petitioner's residence. Moreover, petitioner took coins from the victim and resold them, and the purchaser identified the petitioner as the seller. Accordingly, I dismiss petitioner's sufficiency of the evidence claims.

    C.    The Supreme Court of Virginia's denial of petitioner's ineffective assistance of counsel claims was not contrary to, nor an unreasonable application of, federal law or based on an unreasonable determination of facts.

Petitioner alleges several instances of ineffective assistance of counsel that he previously

7

raised to the Supreme Court of Virginia. To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Id. at 697. Furthermore, an attorney's acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

The first prong of Strickland requires a petitioner to show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

Second, a petitioner must show that prejudice resulted from counsel's deficient performance. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A "reasonable probability [i]s a probability sufficient to undermine confidence [in] the outcome." Id.

Petitioner alleges that counsel was ineffective for failing to interview witnesses and investigate potential defenses. (Pet. 14.) The Supreme Court of Virginia considered and rejected

8

this claim, holding that petitioner failed to identify the potential witnesses or accomplices and to explain their potential testimony. Hairston, No. 071961 at 2 (Va.). The Supreme Court of Virginia also relied on counsel's statement that he investigated the sole witness that petitioner sufficiently identified to him.

Petitioner also alleges that counsel was ineffective for failing to obtain his psychological evaluation to determine his competency to stand trial. (Pet. 15.) The Supreme Court of Virginia considered and rejected this claim, finding that the record provided no basis for counsel to doubt petitioner's competency. Moreover, petitioner did not allege that he was incompetent.[6] Hairston, No. 071961 at 2 (Va.).

Petitioner also alleges that counsel was ineffective for failing to object to the admissibility of petitioner's juvenile record at sentencing. (Pet. 17.) The Supreme Court of Virginia also considered and rejected this claim, finding that petitioner failed to demonstrate how its introduction prejudiced him. Hairston, No. 071961 at 2-3 (Va.). The Supreme Court also cited a state statute that permits a record of juvenile convictions to be admitted at sentencing. Id. (citing Va. Code § 19.2-295.1).

I find that the Supreme Court of Virginia's review of these claims was not contrary to, nor an unreasonable application of, federal law nor based on an unreasonable determination of facts. Petitioner did not establish counsel's deficient performance because petitioner fails to establish any degree of incompetence. Furthermore, petitioner does not describe deficient

---

[6]Similarly, petitioner is not entitled to any further inquiry by this court regarding his competency because he does describe any incompetence. Cf. Lawson v. Dixon, 3 F.3d 743, 753-54 (4th Cir. 1993) ("A habeas petitioner is not entitled to an evidentiary hearing on mental-competency claims in his habeas petition unless he presents clear and convincing [and positive and unequivocal] evidence [supported by the opinions of qualified physicians and the testimony of laymen] that creates a real, substantial, and legitimate doubt with respect to the petitioner's [history of mental illness or incompetence at or near the time of the trial] and [in]ability to assist his counsel at trial.")

performance because he fails to particularly identify potential witnesses and alleged accomplices or the illegality of, or resultant prejudice from, admitting petitioner's juvenile records during sentencing. Moreover, petitioner did not establish prejudice because he did not describe other witnesses' potential testimonies, the relationship of his incompetence to the trial, and the relationship of his juvenile records to his conviction or sentence. Therefore, petitioner failed to establish counsel's deficient performance or any resulting prejudice under Strickland, and the Supreme Court of Virginia's denial of petitioner's ineffective assistance of counsel claims was not contrary to, nor an unreasonable application of, federal law or based on an unreasonable determination of facts. Accordingly, I dismiss petitioner's ineffective assistance of counsel claims.

### III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 30th day of October, 2009.

*/s/ Jackson L. Kiser*
Senior United States District Judge